In The United States District Court

For The Middle District Of Pennsylvania

4:21-CV-1221

Rasul Gray,

        Plaintiff

           V.

Pennsylvania Department of Corrections;
Mark Garman (Superintendent)
Nicki J. Paul (Assistant
Superintendent); Gerald McMahon
(Deputy Superintendent); Richard Ellers
(CHCA/Medical Supervisor)

        Defendant(s)

Civil Action

No._____

Complaint  42 U.S.C. § 1983

**Jury Trial Demanded**

FILED
SCRANTON

JUL 1 2 2021

PER _____

DEPUTY CLERK

Filed on behalf of Plaintiff:

Rasul Gray*

Rasul Gray/ Inmate No. MP-8461

SCI-Rockview

1 Rockview Place, Box A

Bellefonte, PA 16823

*Pro Se

In The United States District Court
For The Middle District Of Pennsylvania

Rasul Gray,                              :        Civil Action No._____
         Plaintiff                       :
                                         :
                                         :
         v.                              :        Complaint
                                         :
PA Department Of Corrections, et al.,    :        Jury Trial Demanded
                                         :

         Defendant(s)

## Statement Of The Complaint

1. Rasul Gray (hereafter "Plaintiff") brings this complaint pursuant to 42 U.S.C § 1983. This complaint asserts constitutional claims under the 8th Amendment of the United States Constitution. This complaint brings state tort claims stemming from the facts alleged to have violated Plaintiff's federal constitutional and statutory rights. This complaint seeks money damages, injunctive relief and declaratory judgment against the Defendants.

## Statement of Jurisdiction

2. This Honorable Court has jurisdiction in this case pursuant to 28 U.S.C. § 1331(a) because the claims brought by Plaintiff present a federal question. This Court has jurisdiction over the state tort claims brought by this complaint pursuant to 28 U.S.C. §1367. This Court is authorized to grant injunctive relief in this case pursuant to Fed.R.Civ.P. Rule 65. This Court is authorized to enter declaratory judgment in this case pursuant to 28 U.S.C. §2201 and Fed.R.Civ.P. Rule 57.

Statement of the Parties

3. Plaintiff, Rasul Gray, is and was at all times material to this complaint a prisoner under the care, custody and control of the Pennsylvania Department of Corrections at Rockview State Correctional Institute (hereafter "SCI-Rockview") located in Centre County, Pennsylvania. Plaintiff's mailing address is the following: Rasul Gray[#MP-8461][SCI-Rockview][Box A][Bellefonte, PA 16823.

4. The Pennsylvania Department of Corrections (hereafter "Department") is an executive department for the Commonwealth of Pennsylvania charged with the custody, care and control of persons committed to it's jurisdiction by courts of the state. Service may be effectuated upon the Department at the following address: Pennsylvania Department of Corrections |1920 Technology Parkway|Mechanicsburg, PA 17050.

5. Mark Garman (hereafter "Defendant Garman") was at all relevant times related to the facts, claims and allegations raised in this complaint the Superintendent for the Department at SCI-Rockview. Service may be effectuated upon Defendant Garman at the following address: Pennsylvania Department of Corrections|1920 Technology Parkway|Mechanicsburg, PA 17050.

6. Nicki J. Paul (hereafter "Defendant Paul") is an Assistant Superintendent for the Department at SCI-Rockview. Service may be effectuated upon Defendant Paul at the following address: Pennsylvania Department of Corrections|1920 Technology Parkway|Mechanicsburg, PA 17050.

7. Gerald McMahon (hereafter "Defendant McMahon") was at all relevant times related to the facts, claims and allegations raised in this complaint a Deputy Superintendent of Facility Management for the Department at SCI-Rockview. Service may be effectuated upon Defendant McMahon at the following address: Pennsylvania Department of Corrections|1920 Technology Parkway|Mechanicsburg, PA 17050.

8. Richard Ellers (hereafter "Defendant Ellers") is the CHCA (Medical Supervisor) for the Department at SCI-Rockview. Service may be effectuated upon Defendant Ellers at the following address: Pennsylvania Department of Corrections|1920 Technology Parkway|Mechanicsburg, PA 17050.

## Statement of the Facts

A. Deliberate Indifference>Risk/Cause of Serious Injury>Callous Disregard for Prisoners' Safety

9. On July 9, 2019, Plaintiff Gray was electrocuted after using the water-fountain stationed on the BC housing unit at SCI-Rockview. This water-fountain is located in the general recreation area accessible to all inmates and staff. This water-fountain and all like fountains within the institution included an electrically heated water dispenser ("hot shot") to provide heated water.

10. At approximately 1:11p.m., Plaintiff Gray came into contact with some exposed wiring connecting the water-fountain to the electrical outlet that triggered a violent electrical shock. Plaintiff Gray was transported to the institution's medical unit. There he was assessed by a nurse where he was examined and stationed in the infirmary for observation for two (2) days. The only medical remedies given were an ice-pack to apply to my head and a prescription of Motrin.

11. Within the following weeks after the incident, Plaintiff Gray was suffering from symptoms including severe headaches, chest pains, and persistent vomiting. Upon notifying the medical staff of these symptoms Plaintiff Gray was returned to the infirmary but was denied any additional medical treatment as it was determined by the nursing staff that the symptoms were unrelated to the electrocution and were caused by an adverse reaction to the prescribed Motrin.

12. Plaintiff Gray attempted to communicate to the medical staff that these symptoms were not caused by the Motrin as they continued to occur when he had not even taken the medication. However, these pleas were dismissed and the medical staff were adamant on placing Plaintiff in the infirmary where inmates are locked-down 22 hours of the day and denied access to essential amenities that are available to inmates in general population. Defendant Ellers, who supervises all medical staff within the institution claimed that there were no medical conditions that required hospitalization at my time of injury.

13. Plaintiff Gray asserts that Defedant Garman individually and in concert with Defendants Paul and McMahon, shown a callous disregard to the safety of the Plaintiff by failing to adequately maintain, repair, and/or supervise the maintenance and repair of the known hazards caused by the water fountain on the BC housing unit. This water fountain was missing a back metal guard that left wires exposed to anyone who came into contact with the fountain. The fountain is also less than four (4) inches away from the electrical outlet it is connected to. Defendant(s) were informed through regular maintenance reports of the concerns regarding the dangers of this exposed wiring that was left unrepaired for well over a three (3) month period.

Injuries

14. Plaintiff Gray suffered a severe electrical shock after using the water fountain that physically caused his body to involuntarily jump and shut down. Plaintiff suffered from swelling of the head were it hit the floor after being shocked. Plaintiff also suffers from regular headaches, chest pains, nausea, and involuntary body movements. Plaintiff Gray also is classified as a person with a serious mental illness and the trauma caused by the physical injury is a trigger to his mental disorder. These mental and emotional injuries are in direct relation to the physical injuries caused by the hazardous exposure to a known defective appliance that disregarded well being of the Plaintiff and similarly situated inmates.

## Exhaustion Of Administrative Remedies/Procedures

15. On July 15, 2019, Plaintiff filed an official inmate grievance utilizing the institution's administrative remedies procedure. This inmate grievance was assigned to Defendant Ellers, who entered an Initial Review Response denying the grievance on August 8, 2019.**(Attachment #1-A Official Inmate Grievance, No. 811933; Attachment #1-B Initial Review Response, Grievance No. 811933)**

16. On August 16, 2019, Plaintiff filed an Inmate Appeal To Facility Manager Grievance. Defendant Garman received this administrative appeal from the initial response from Defendant Ellers and entered a Facility Manager's Appeal Response on September 6, 2019 upholding the decision from Defendant Ellers. **(Attachment #2-A Inmate Appeal To Facility Manager, Grievance No. 811933; Attachment #2-B Facility Manager's Appeal Response, Grievance No. 811933)**

17. On September 27, 2019, Plaintiff filed an appeal from the decision of Defendant Garman. This was inadvertently filed under the wrong form and addressed by Defendant Paul who directed Plaintiff to file his appeal with the Department office located in Mechanicburg. **(Attachment #3 9/27/2019 Memo From Wicki Paul & Final Appeal, Grievance No. 811933)**

18. On October 21, 2019, a Final Appeal Decision was entered and Plaintiff's administrative appeal was dismissed by the Department representative, Chief Grievance Coordinator Dorina Varner.**(Attachment #4 Final Appeal Decision, Grievance No. 811933)**

## Previous Lawsuits

19. Plaintiff hereby avers that he has never filed a previous civil action that was denied/dismissed on the grounds that the claims raised within were frivolous, malicious or failed to state a claim as defined in 28 U.S.C. § 1915(g). Plaintiff Gray only filed one previous civil action that was dismissed **without prejudice.**

## Statement Of Relief Demanded

20.    WHEREFORE, Plaintiff respectfully requests this Honorable Court grant the following relief in this case:

21. Enter declaratory judgement against the Department and individual Defendant(s) in their individual and official capacities declaring practices, customs, cultures, and conduct complained of by the herein complaint violative of the rights, privileges and immunities secured by the Plaintiff and similarly interested others under the Constitution and law of the United States.

22. Enter preliminary and permanent injunctive relief against the Department and their individual Defendants in their individual and official capacities to rectify all practices, customs, cultures and conduct complained of by the herein complaint declared violative of the rights, privileges and immunities secured by the Plaintiff and similarly situated others under the Constitution and laws of the United States.

23. Award compensatory, money, and nominal damages against the individual Defendants in their individual and official capacities jointly and severally for all past present and future physical, mental and emotional injuries suffered by the Plaintiff through the policies, practices, customs, cultures and conduct complained of by the herein complaint.

24. Grant any other relief this Court may deem appropriate and just given the particular facts and circumstances of this case notwithstanding the Plaintiff's failure to specifically request that relief here.

## Verification

I, Rasul Gray, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge, information and belief. 28 U.S.C. §1746.

Executed this ___7___ day of July, 2021.

/s/ _____
Rasul Gray, Plaintiff
1 Rockview Place, Box A
Bellefonte, PA 16823

Date: July 5, 2021.

In The United States District Court

For The Middle District Of Pennsylvania

Rasul Gray,                              :        Civil Action No._____

       Plaintiff                     :

                          :

                          :

       V.                            :        Complaint

                          :

PA Department Of Corrections, et al.,    :        Jury Trial Demanded

       Defendant(s)                  :

## Certificate Of Service

I, Rasul Gray, Plaintiff in the above captioned civil action, do hereby aver that copies of the attached/enclosed Statement Of The Complaint/42 U.S.C. § 1983 complaint have been mailed to the below listed person(s) by First Class Mail, postage paid, on this 6th day of July, 2021, in compliance with Federal Rules of Civil Procedure, Fed.R.Civ.P. Rule 4 & 4.1.

This service also satisfies the requirements of the Prisoner's Mailbox Rule outlined in Houston v. Lack, 108 S.Ct. 2379 (1988); under penalty of perjury (28 U.S.C. §1746).

Service By First Class Mail

US District Clerk Of Courts
235 N. Washington Ave.; P.O. Box 1148
Scranton, PA 18501

Service By First Class Mail
Defenants: PA Department Of Corrections;
Mark Garman
Hicki Paul
Gerald McMahon
Richard Ellers
Served at: 1920 Technology Parkway
Mechanicsburg, PA 17050

Date: July 6, 2021

/s/_____

Rasul Gray-Plaintiff
Inmate No. MP-8461
1 Rockview Place, Box A
Bellefonte, PA 16823

U.S. POSTAGE)) PITNEY BOWES

ZIP 16823 $ 002.00⁰
02 4W
0003176203 JUL 07 2021

INMATE MAIL
PA DEPT. OF
CORRECTIONS

R. Gray / MP 8161
1 Rockview Place, Box 17
Bellefonte, PA 16823

RECEIVED
SCRANTON

JUL 1 2 2021

PER _____
DEPUTY CLERK

U.S. District Court
235 N. Washington Ave.
P.O. Box 1148
Scranton, PA 18501