IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASUL GRAY, | No. 4:21-CV-01221 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | |
| Defendants. | |

## ORDER

### AUGUST 12, 2021

Plaintiff filed the instant action on July 12, 2021, and it was jointly assigned to the undersigned and to a magistrate judge. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2]

On July 13, 2021, Magistrate Judge Martin C. Carlson, to whom this matter is jointly assigned, issued a thorough report and recommendation recommending that the complaint be served upon the individual defendants, but that Plaintiff's claim for damages against the Pennsylvania Department of Corrections be dismissed.

---

[1] 28 U.S.C. § 636(b)(1)(B).
[2] 28 U.S.C. § 636(b)(1).

No objections to the report and recommendation have been filed. For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[3] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[4]

Because I write solely for the parties, I will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. I have conducted a de novo review here and found no error.

**AND NOW, IT IS HEREBY ORDERED** that:

1. Magistrate Judge Carlson's Report and Recommendation (Doc. 6) is **ADOPTED in full**.

2. Plaintiff's claim for damages against the Pennsylvania Department of Corrections is **DISMISSED**.

3. In accordance with Fed. R. Civ. P. 4(c)(3), the Clerk of Court is directed to **SERVE** a copy of the Complaint (Docs. 1), notice of lawsuit and request to waive service of summons (form AO 398),

---

[3] Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)).

[4] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

        waiver of the service of summons (form AO 399) and this Order on the named Defendants. In the interests of efficient administrative judicial economy, the Court requests that Defendants waive service pursuant to Fed. R. Civ. P. 4(d).

4.     If service is unable to be completed due to Gray' failure to properly name Defendants, or provide an accurate mailing address, Gray will be required to correct this deficiency. Failure to comply may result in the dismissal of Gray's claims against Defendants pursuant to Fed. R. Civ. P. 4(m).

                                BY THE COURT:

                                *s/ Matthew W. Brann*
                                Matthew W. Brann
                                Chief United States District Judge