IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASUL GRAY, | No. 4:21-CV-01221 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MARK GARMAN, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JULY 1, 2022

Plaintiff Rasul Gray is currently in state custody. He filed the instant *pro se* Section 1983[1] action in July 2021, claiming constitutional violations by various officials at the State Correctional Institution, Rockview (SCI Rockview), located in Bellefonte, Pennsylvania. Presently pending is Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court will grant in part and deny in part Defendants' motion.

I.   BACKGROUND

According to Gray, on July 9, 2019, he was electrocuted while using a water fountain in the BC housing unit at SCI Rockview.[2] Gray alleges that around 1:00

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] Doc. 1 ¶ 9.

p.m. that day, he came into contact with exposed wiring connecting the water fountain to the electrical outlet, causing a "violent electric shock."[3] He spent the following two days under observation in the infirmary, receiving only an ice pack and a prescription for Motrin as treatment.[4]

Gray avers that the water fountain at issue was missing a rear metal guard, which left electrical wires "exposed to anyone who came into contact with the fountain."[5] He further claims that this particular fountain was left unrepaired for three months, despite regular maintenance reports warning of the dangers of the exposed wiring.[6]

Gray maintains that, beyond the initial physical pain from the electrical shock and from hitting his head when he fell to the floor, he experienced "severe headaches, chest pains, and persistent vomiting" in the weeks following the incident.[7] He likewise alleges that he continues to suffer from regular headaches, chest pain, nausea, and involuntary bodily movements, and that the physical injury detrimentally affects his preexisting mental health disorder.[8]

Gray names as defendants SCI Rockview Superintendent Mark Garman, Assistant to the Superintendent Nicki J. Paul, Deputy Superintendent of Facility

---

[3] *Id.* ¶ 10.
[4] *Id.*
[5] *Id.* ¶ 13.
[6] *Id.*
[7] *Id.* ¶¶ 11, 14.
[8] Doc. 1 ¶ 14.

Management Gerald McMahon, and Richard Ellers—Corrections Medical Care Administrator (or "Medical Supervisor") for SCI Rockview.[9] Gray appears to base his Section 1983 claims on the Eighth Amendment's protection against deliberate indifference to prisoner safety and deliberate indifference to serious medical needs.[10] He also attempts to generally assert "state tort claims," although his complaint is silent as to what those claims are or against whom they are leveled.[11]

Defendants move to dismiss Gray's Section 1983 claims and ask the Court to decline to exercise supplemental jurisdiction over any state-law claims.[12] Defendants' Rule 12(b)(6) motion is fully briefed and ripe for disposition.

## II.   STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[13] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[14] In addition to the facts alleged on the face of the complaint, the court may also

---

[9] *See id.* ¶¶ 5-8.  Gray also named the Pennsylvania Department of Corrections (DOC) as a defendant, *see id.* ¶ 4, but this institutional defendant was previously dismissed based on the report and recommendation of Magistrate Judge Martin C. Carlson.  *See* Docs. 6, 8.
[10] *See* Doc. 1 ¶ 1 (Statement of the Complaint); *id.* ¶¶ 8-9.
[11] *See id.* ¶¶ 1, 2.
[12] *See generally* Docs. 14, 15.
[13] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[14] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[15]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[16] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[17] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[18] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[19] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[20]

Because Gray proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent

---

[15] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[16] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[17] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[18] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[19] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[20] *Iqbal*, 556 U.S. at 681.

standards than formal pleadings drafted by lawyers[.]"[21] This is particularly true when the *pro se* litigant, like Gray, is incarcerated.[22]

## III. DISCUSSION

Gray's complaint, liberally construed, appears to allege two types of Eighth Amendment violations: (1) failure to protect, or deliberate indifference to a substantial risk of serious harm (presumably against Garman, Paul, and McMahon); and (2) deliberate indifference to serious medical needs (presumably against Ellers). Defendants identify the same constitutional torts but argue that Gray fails to state a claim for relief as to either one.

### A. Failure to Protect

To state an Eighth Amendment failure-to-protect claim against a prison official, the inmate must plausibly plead that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to [the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner] harm."[23] In this context, deliberate indifference is a subjective standard; that is, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate

---

[21] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[22] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[23] *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020).

safety."[24]  Actual knowledge or awareness of a substantial risk to an inmate's safety can be proven "in the usual ways, including inference from circumstantial evidence."[25]

Defendants maintain that Gray has failed to allege the requisite personal involvement in this purported constitutional violation.  They alternatively argue that, even if the complaint does contain sufficient facts showing personal involvement, those facts are not detailed enough to state that Defendants had knowledge of, and were deliberately indifferent to, the serious risk of harm posed by the water fountain.

Gray concedes that, as to defendant Paul, his Eighth Amendment failure-to-protect claim falls short, and that he intends to amend his pleadings to remove Paul as a defendant.[26]  He counters, however, that he has adequately pled knowledge and acquiescence by Garman and McMahon to establish personal involvement and deliberate indifference, thus surviving Defendants' Rule 12(b)(6) challenge.

Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence" of a subordinate's unconstitutional conduct.[27]  Gray alleges that Garman and McMahon failed to adequately maintain

---

[24] *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)).
[25] *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)).
[26] *See* Doc. 18 at 2 ¶ 9.
[27] *See Dooley*, 957 F.3d at 374 (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

or repair (or supervise the maintenance and repair of) the hazardous water fountain even after having been informed "through regular maintenance reports" of the dangerous condition.[28] Defendants argue that more detail about the reports and their content is required. But at the pleading stage, Gray's allegations are sufficient to state either direct wrongful conduct or knowledge and acquiescence of a subordinate's unconstitutional conduct. Taken as true, they also sufficiently state deliberate indifference to a substantial risk of serious harm, as the risk of electrocution is a sufficiently significant danger. Consequently, Gray's Eighth Amendment failure-to-protect claim may proceed against Garman and McMahon.

### B. Deliberate Indifference to Serious Medical Needs

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[29] To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[30] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[31]

---

[28] *See* Doc. 1 ¶ 13.
[29] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[30] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[31] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[32] Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[33] Claims sounding in mere medical negligence will not suffice.[34]

Gray appears to allege that Eller (and possibly other medical staff) were deliberately indifferent to his serious medical needs after he was electrocuted.[35] In his brief in opposition to Defendants' motion to dismiss, however, he rightly concedes that he cannot adequately state a Section 1983 claim against Eller on the mere basis that Eller is the Corrections Medical Care Administrator.[36] The Court further observes that, even under the most liberal construction, Gray's complaint and attachments fail to set forth facts that would implicate "unnecessary and wanton infliction of pain" stemming from the medical care he received following the electrocution incident. Gray may disagree with the course of treatment

---

[32] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[33] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[34] *Rouse*, 182 F.3d at 197.
[35] To the extent that Gray is attempting to assert medical indifference claims against Garman, McMahon, or Paul, he has not adequately pled facts that would implicate Section 1983 liability for such a claim against any of these Defendants.
[36] *See* Doc. 18 at 3 ¶ 10.

provided by SCI Rockview's medical providers, but such allegations do not implicate a constitutional violation. If anything, they merely sound in potential medical negligence, which is insufficient for an Eighth Amendment claim.

Gray's medical indifference claim, therefore, must be dismissed. However, leave to amend will be granted in the event that Gray can plausibly plead facts showing deliberate indifference to serious medical needs by an identified defendant (or defendants) at SCI Rockview.

### C. State-Law Claims

Gray appears to also want to assert state tort claims against some or all Defendants. Defendants argue that the Court should decline supplemental jurisdiction over any such claims after dismissing the Section 1983 claims. The Court need not reach the issue of supplemental jurisdiction because Gray does not plausibly plead any state-law causes of action. Simply alleging "state tort claims" in the opening paragraph of a complaint is wholly insufficient to state a plausible cause of action under the pleading requirements of *Twombly* and *Iqbal*. Not only does Gray not specify what state-law tort or torts he is asserting, he fails to even plead the basic elements of any such claim. Gray's nebulous state-law claims, therefore, must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). Nevertheless, because it is conceivable that Gray could set out a state-law tort action based on the allegations in his complaint, leave to amend will be granted.

## IV. LEAVE TO AMEND

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[37] Because it does not appear that amendment would be futile or inequitable, the Court will grant Gray leave to amend his complaint.

If Gray chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth *all* of Gray's claims in short, concise, and plain statements, and in sequentially numbered paragraphs. Gray must include every claim that he intends to pursue—even those that survived Defendants' motion to dismiss—and should identify which claim is being asserted against which defendant (or defendants). Gray must also name proper defendants, specify the offending actions taken by a particular defendant, sign the amended complaint, and indicate the nature of the relief sought. If, on the other hand, Gray chooses not to amend his pleadings, his case will proceed on his Eighth Amendment failure-to-protect claim against Garman and McMahon.

---

[37] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## V. CONCLUSION

Based on the foregoing, the Court will grant in part and deny in part Defendants' motion (Doc. 14) to dismiss under Federal Rule of Civil Procedure 12(b)(6).  The Court will also dismiss without prejudice Gray's state-law tort claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge