IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASUL GRAY, | No. 4:21-CV-01221 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

MAY 19, 2023

Plaintiff Rasul Gray is currently in state custody. He filed the instant *pro se* Section 1983[1] action in July 2021, claiming Eighth Amendment violations by various officials at the State Correctional Institution, Rockview (SCI Rockview). Presently pending is Defendants' motion to dismiss Gray's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will grant Defendants' motion.

I.   BACKGROUND

According to Gray's amended complaint, on July 9, 2019, he was electrocuted while using a water fountain (with an electrically heated water

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

dispenser or "hot shot") in the BB housing unit at SCI Rockview.[2]  Gray alleges that around 1:20 p.m. that day, he came into contact with exposed wiring connecting the water fountain to the electrical outlet, causing a "violent electric shock" that knocked him to the floor.[3]  He posits that the fountain was installed too close to the electrical outlet and was improperly grounded, and also claims that the "entire back panel" of the fountain "had been removed[,] exposing wires to anyone" who used the fountain.[4]

Gray avers that the water fountain at issue "had been reported by both staff and inmates to have been malfunctioning on the unit for a significant amount of time."[5]  He claims that several inmates in the housing unit noticed that the fountain had been "leaking and sometimes smoking" for months prior to the incident.[6]  He also alleges that weekly housing unit inspection reports indicated that the unit "maintained a dissatisfactory status" with regard to "lights, electrical equipment, and plumbing equipment."[7]

Gray alleges that, beyond the initial physical pain from the electrical shock and from hitting his head when he fell to the floor, he experienced "severe headaches, chest pains, and persistent vomiting" in the weeks following the

---

[2]  Doc. 32 ¶ 9.
[3]  Id. ¶ 10.
[4]  Id. ¶¶ 19, 20.
[5]  Id. ¶ 12.
[6]  Id.
[7]  Id.

incident.[8]  He likewise asserts that he continues to suffer from regular headaches, chest pain, nausea, and involuntary bodily movements, and that the physical injury detrimentally affects his preexisting mental health disorder.[9]

Gray filed an initial complaint in July 2021, asserting Eighth Amendment claims of failure to protect and deliberate indifference to serious medical needs.[10]  Defendants moved to dismiss Gray's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[11]  The Court granted that motion in part, permitting only Gray's failure-to-protect claims against two prison officials to proceed.[12]  The Court also gave Gray the alternative option of filing an amended complaint.[13]

Gray chose to file an amended complaint, which is now the operative pleading.  He names as defendants SCI Rockview Superintendent and Facility Manager Mark Garman, Deputy Superintendent of Facilities Management Gerald McMahon, Facility Maintenance Manager John Hayles, Correctional Institutional Safety Manager Danielle Breese, and Unit Manager Jennifer Alexander.[14]  Gray alleges that the first four Defendants are liable for failure to protect under the Eighth Amendment.[15]  He additionally asserts state-law claims of negligence and

---

[8]   *Id.* ¶¶ 13, 14.
[9]   *Id.* ¶ 13.
[10]  *See generally* Doc. 1.
[11]  Doc. 14.
[12]  *See* Doc. 29 at 1 ¶ 1(b).
[13]  *Id.* at 2 ¶ 3.
[14]  *See* Doc. 32 ¶¶ 4-8.
[15]  *See id.* ¶¶ 16-31.

negligent infliction of emotional distress.[16]

Defendants once again move to dismiss Gray's case. They seek dismissal of all claims under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for the Court to dismiss the Section 1983 claims and decline to exercise supplemental jurisdiction over any state-law claims.[17] Defendants' Rule 12(b)(6) motion is fully briefed and ripe for disposition.

## II.  STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[18] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[19] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[20]

---

[16] *See id.* ¶¶ 32-49.
[17] *See generally* Docs. 42, 43.
[18] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[19] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[20] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[21]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[22]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[23]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[24]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[25]

Because Gray proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[26]  This is particularly true when the *pro se* litigant, like Gray, is incarcerated.[27]

### III. DISCUSSION

Gray alleges that four different high-level prison officials were deliberately indifferent to conditions posing a substantial risk to his health and safety, resulting

---

[21] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[22] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[23] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[24] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[25] *Iqbal*, 556 U.S. at 681.
[26] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[27] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

in his electrocution. The primary problem with Gray's amended complaint is that he does not plead facts that would establish deliberate indifference by any named Defendant.

### A. Eighth Amendment Failure to Protect

To state an Eighth Amendment failure-to-protect claim against a prison official, the inmate must plausibly plead that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to [the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner] harm."[28] In this context, deliberate indifference is a subjective standard; that is, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."[29] Actual knowledge or awareness of a substantial risk to an inmate's safety can be proven "in the usual ways, including inference from circumstantial evidence."[30]

Gray's amended complaint appears to conflate the standards for deliberate indifference and negligence.[31] But the Supreme Court of the United States has repeatedly admonished that a showing of deliberate indifference demands more

---

[28] *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020).
[29] *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)).
[30] *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)).
[31] *See, e.g.*, Doc. 50 at 3 ¶ 9; *id.* at 4 ¶ 11; *id.* at 5 ¶¶ 15, 18; *id.* at 6 ¶¶ 21, 24.

than mere negligence.[32] Deliberate indifference means that a prison official "must actually have known or been aware of" the risk to an inmate's health or safety and disregarded that risk.[33] Gray's pleading repeatedly evinces a "knew or should have known" mental state grounded in policies and regulations.

Gray asserts that Garman and McMahon failed to maintain or repair the water fountain (or failed to properly supervise its repair and maintenance), then cites Department of Corrections (DOC) policy that purportedly requires Garman and McMahon to review and preapprove all repairs or maintenance at SCI Rockview.[34] Gray additionally cites Occupational Safety and Health Administration standards and the "National Electrical Code" regarding proper grounding for electrical equipment.[35] He further contends—in a conclusory manner—that Breese and Hayles, because of various regulations and their respective job duties, "were aware" of the defective condition of the water fountain.[36] Gray ultimately concludes that these four Defendants failed to "prioritize the adequate repair and maintenance of DOC property" and were

---

[32] *See, e.g.*, *Farmer*, 511 U.S. at 835 (stating that "deliberate indifference describes a state of mind more blameworthy than negligence"); *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (explaining that the Eighth Amendment demands "more than ordinary lack of due care for the prisoner's interests or safety").
[33] *Bistrian*, 696 F.3d at 367; *Farmer*, 511 U.S. at 837.
[34] Doc. 32 ¶¶ 16-17.
[35] *Id.* ¶ 20.
[36] *See id.* ¶¶ 24, 27, 28.

7

informed of the hazard through "general safety reports, inspections[,] and work requests" made prior to his electrocution.[37]

The difficulty with this conclusion is that Gray has attached those documents to his amended complaint and they contain no indication whatsoever that the water fountain had an electrical problem that could expose inmates to a risk of electrocution. The work orders from February 19 and June 28, 2019, related to the water fountain indicate only that the fountain is leaking water.[38] And the weekly "Fire/Safety/Sanitation Inspection" reports lack any reference to an issue with the water fountain.[39] Those reports mention various plumbing, lighting, heating, and painting problems on the "BB/BC" unit, but not one of them discusses an electrical (or other) issue with the fountain.[40] In short, none of the documents on which Gray relies indicates that any prison official knew of or was informed of an electrical problem with the water fountain prior to Gray's accident.

Gray also appears to rely on affidavits from other inmates to support his failure-to-protect allegations. But these affidavits fail to provide any support for his contention that Garman, McMahon, Hayles, or Breese knew about the electrical hazard and were deliberately indifferent to the risk it posed. In the affidavits,

---

[37] *Id.* ¶¶ 21, 30.
[38] *See* Doc. 32-1 at 68, 69. One work order indicates that the water fountain's plug is "missing a prong," but that order is dated October 26, 2019—three months *after* the electrocution incident. *See id.* at 70.
[39] *See id.* at 16-58.
[40] *See id.*

which are materially identical, several inmates aver that the water fountain leaked, sometimes smoked, and had exposed wiring due to the back panel being removed.[41] None of the affidavits, however, contain any indication that Garman, McMahon, Hayles, or Breese (or any other prison official, for that matter) was notified of the safety issue or personally witnessed these conditions and failed to mitigate them.

At bottom, Gray is alleging that Garman, McMahon, Hayles, and Breese must have known about the dangerous condition because their job duties involve inspection, repair, and maintenance of the facilities at SCI Rockview (or the supervision thereof). This type of pleading, while it may suffice for a negligence claim with a "knew or should have known" mental-state requirement, is insufficient to establish deliberate indifference.

The reason Gray's Eighth Amendment failure-to-protect claim survived Defendants' first Rule 12(b)(6) challenge was because his original complaint alleged that Garman and McMahon had been informed "through regular maintenance reports" of the dangerous electrical condition caused by the exposed wiring and had failed to act.[42] Those allegations do not appear in the amended

---

[41] *See id.* at 5-14.
[42] *See* Doc. 28 at 6-7 (citing Doc. 1 ¶ 13).

complaint, likely because Gray has learned that they are not true.[43] There is simply no indication in Gray's amended pleading or its attached documents that any named Defendant was actually aware of the potential electrocution hazard posed by the water fountain and was deliberately indifferent to that risk.

Without allegations establishing deliberate indifference, Gray's amended complaint suffers from an additional deficiency: he cannot plead causation.[44] That is, he is unable to plausibly allege that Defendants' deliberate indifference to the dangerous condition caused his harm.[45] Gray has not adequately pled that any named Defendant actually knew or was aware of the dangerous condition and thus he cannot plausibly plead that his injury was caused by that deliberate indifference.

Gray's amended complaint is deficient with respect to two of the three elements of his failure-to-protect claim. Thus, the Court must grant Defendants' Rule 12(b)(6) motion as to his Section 1983 cause of action.

### B.    State-Law Claims

Gray also asserts state-law claims of negligence and negligent infliction of emotional distress. It is conceivable that Gray could state a claim for such relief under Pennsylvania law, although the Court declines to address this issue. Rather,

---

[43]   Gray most likely can no longer make such allegations in good faith and pursuant to Federal Rule of Civil Procedure 11(b)(3) because he has received copies of the referenced maintenance reports through discovery and they do not show what he initially believed they would show.
[44]   *See Travillion v. Wetzel*, 765 F. App'x 785, 795 & n.17 (3d Cir. 2019) (nonprecedential) (identifying third element of failure-to-protect claim as "causation").
[45]   *See Bistrian*, 696 F.3d at 367.

because Gray's federal claims must be dismissed, the Court will decline to exercise supplemental jurisdiction over any state-law claim.[46]

## IV. LEAVE TO AMEND

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[47]  Further leave to amend will be denied as futile. Gray has had multiple opportunities to plead his Eighth Amendment claims, yet he has failed to state Section 1983 claims even after "amendments previously allowed."[48]  The Court additionally observes that the basis on which Gray is attempting to establish Defendants' knowledge or awareness of the dangerous condition—*i.e.*, generalized job duties, DOC policies, and various regulations—are simply inadequate to plausibly plead deliberate indifference in the present case. Rather, they tend to show a negligent mental state only.  This fundamental pleading deficiency cannot be remedied by further amendment.

## V. CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion (Doc. 42) under Federal Rule of Civil Procedure 12(b)(6) and will dismiss Gray's Section

---

[46] *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (explaining general rule that if all federal claims are dismissed, courts should likewise dismiss pendent state-law claims).

[47] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

[48] *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").

1983 failure-to-protect claims with prejudice.  The Court will decline to exercise supplemental jurisdiction over Gray's pendent state-law claims.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge